37

MIED (Rev. 03/11) Prisoner Civil Rights Complaint

| **Official Use Only** | | |
|---|---|---|
| Case Number | Judge | Magistrate Judge |

Case:2:14-cv-14961
Judge: Borman, Paul D.
MJ: Morris, Patricia T.
Filed: 12-24-2014 At 08:42 AM
PR Douglas v. Palmer (tam)

## PRISONER CIVIL RIGHTS COMPLAINT

*This form is for use by state prisoners filing under 42 U.S.C. § 1983 and federal prisoners filing pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).*

| **Plaintiff's Information** | | | |
|---|---|---|---|
| Name  Leon Douglas | | Prisoner No.    132125 | |
| Place of Confinement   Thumb Correctional Facility | | | |
| Street  3225 John Conley Drive | City  Lapeer | State  MI | Zip Code  48446 |
| Are there additional plaintiffs?   ☐ Yes    ☒ No | | | |

If yes, any additional plaintiffs to this action should be listed on a separate 8½" x 11" sheet of paper and securely attached to the back of this complaint. You must provide names, prisoner numbers and addresses for all plaintiffs.

| **Defendant's Information** | | | |
|---|---|---|---|
| Name   Carmen Palmer | | Position  Warden | |
| Street/P.O. Box  Michigan Reformatory | City  Ionia | State  MI | Zip Code  48846 |
| 1342 West Main Street | | | |
| Are you suing this defendant in his/her:   ☐ Personal Capacity   ☐ Official Capacity   ☒ Both Capacities | | | |
| Are you suing more than one defendant?   ☒ Yes    ☐ No | | | |

If yes, any additional defendants to this action should be listed on a separate 8½" x 11" sheet of paper and securely attached to the back of this complaint. You must provide their names, positions, current addresses and the capacity (personal, official or both) in which you are suing them.

1

MIED (Rev. 03/11) Prisoner Civil Rights Complaint

## I.  PREVIOUS LAWSUITS

Have you filed any other lawsuits in state or federal court relating to your imprisonment?

☐ Yes        ☒ No

If "Yes," complete the following section. If "No," proceed to Part II.

Please list all prior civil actions or appeals that you have filed in federal court while you have been incarcerated.

| Docket or Case Number: |
| --- |
| Name of Court: |
| Parties (Caption or Name of Case): |
| Disposition: |

| Docket or Case Number: |
| --- |
| Name of Court: |
| Parties (Caption or Name of Case): |
| Disposition: |

| Docket or Case Number: |
| --- |
| Name of Court: |
| Parties (Caption or Name of Case): |
| Disposition: |

**Any additional civil actions should be listed on a separate sheet of 8½" x11" paper and securely attached to the back of this complaint.**

2

## II. STATEMENT OF FACTS

State here, as briefly as possible, the facts of your case. Describe how each defendant is involved. Include the names of other people, dates and places involved in the incident. Do not give any legal arguments or cite any cases or statutes.

SEE STATEMENT OF FACTS AND CLAIMS ATTACHED

## III. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific.  Set forth each claim in a separate paragraph.  If you intend to allege several related claims, number and set forth each claim on a separate 8½" x 11" sheet of paper and securely attach the papers to the back of this complaint.

SEE STATEMENT OF FACTS AND CLAIMS ATTACHED

## IV. RELIEF

State briefly and exactly what you want the Court to do for you.

MIED (Rev. 03/11) Prisoner Civil Rights Complaint

_____

_____

SEE RELIEF REQUESTED ATTACHED

_____

_____

_____

_____

_____

_____

_____

**I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.**

Executed (signed) on _____ (date).

_____

Signature of Plaintiff

4

ADDITIONAL DEFENDANTS

Lieutenant Muzzin, (was Sergeant at time of cause of action)
Michigan Reformatory
1342 West Main Street
Ionia, Michigan  48846
Being sued in both capacities


Lieutenant Martin
Michigan Reformatory
1342 West Main Street
Ionia, Michigan  48846
Being sued in both capacities


Kerry Gobert, Resident Unit Manager
Michigan Reformatory
1342 West Main Street
Ionia, Michigan
Being sued in both capacities

## STATEMENT OF FACTS AND CLAIMS

1. That on September 23. 2012, Plaintiff Douglas was called for a visit at the Michigan Reformatory, at approximately 010:21 hrs.

2. That then Sgt. Muzzin (now Lt. Muzzin) refused to permit Plaintiff in this visiting room because he was wearing medical prescription shoes (orthopedic shoes).

3. Plaintiff attempted to explain to Defendant Muzzin that he had special medical accommodations that permitted him to wear his shoes on visits and any other time of day.

4. Plaintiff further attempted to explain to Defendant Muzzin that he is a diabetic, has polio, and suffers from neuropathy in his feet.

5. Plaintiff showed Defendant Muzzin his special medical accommodations but, Defendant refused to honor them.

6. Defendant Muzzin then gave Plaintiff Douglas a choice either to wear a used pair of black state oxfords she located in the Michigan Reformatory control center or go without his visit.

7. Plaintiff then attempted to explain to Defendant Muzzin that state shoes caused him pain and bleeding in his feet. That was why he was written a medical accommodation to wear his medical shoes.

8. Defendant Muzzin refused let Plaintiff Douglas to wear his medical shoes on his visit and he was forced to go on his visit wearing thew used state shoes Defendant Muzzin had located.

9. That while on his visit Plaintiff started suffering pain and discomfort caused by the state shoes he was forced to wear. He was forced to terminate his visit.

10. That when Plaintiff left the visiting room and reported to the Michigan Reformatory control center to pick up his medically prescribed shoes, he was met by Defendant Lt. Martin.

11. Lt. Martin told him he could not have his prescription shoes.

!

12. Plaintiff informed Defendant Martin that he could no longer wear the state oxford shoes because they were causing him to much pain and discomfort.

13. Defendant Martin refused to return Plaintiff's prescriptions shoes.

14. Plaintiff attempted to show Defendant martin his bloodied feet caused by being forced to wear the used state oxfords on his visit.

15. Defendant Martin then gave Plaintiff Douglas a direct order to give him the state oxford shoes and ordered Plaintiff to return to his housing unit in his bare feet. Plaintiff complied with Defendant Martin direct order and returned to his housing unit walking on cold damp concrete in his bare feet.

16. When Plaintiff Douglas entered I-Block he showed his bloodied feet to Sgt. Burns and C/O Decker who informed him to file a grievance against Defendants Muzzin and Martin. Plaintiff Filed Grievance identifier no. RMI-1209-1627-28C.

17. That on September 24, 2012 Plaintiff was called to the Michigan Reformatory control center where he was served with a class III misconduct report for contraband and contraband removal record, alleging his special medical shoes where contraband, by C/O Schlosstein.

18. That Plaintiff asked C/O Schlosstein why he was writing such a misconduct, and he informed Plaintiff that Defendant Martin instructed him to write the misconduct.

19. That from September 23, 2012, through November 8, 2012, Plaintiff repeatedly wrote Defendant Palmer letters requesting that she intervene and order his prescription she returned to him. In one letter he quoted her step II response to his grievance: "Prisoner Douglas is allowed to wear his medically necessary shoes into the visiting room as authorized by a qualified medical healthcare professional." Defendant Palmer failed to take any action and simply ignored Plaintiff's letters.

20. Plaintiff also repeatedly spoke to to Defendant Kerry Gobert and requested that a hearing be held on his prescription shoes or that he return them to him.

21. That on November 8, 2012, Plaintiff filed grievance identifier no. RMI 1211-1900-07B against Defendant Gobert for violating his due process rights for not conducting an administrative hear in a timely manner.

22. That on November 13, 2012 Michigan Reformatory grievance coordinator K. Miller rejected Plaintiff's grievance mention above in ¶ 21.

23. Plaintiff filed a step II grievance on December 5, 2012, and on December 11, 2012, Defendant Palmer responded: ". . .A Notice of Intent was not prepared, nor was an Administrative Hearing held regarding the Contraband Removal slip that was written on 9/23/12, therefore prisoner's due process was violated in accordance with PD-04-07-112."

24. Defendants Palmer, Muzzin, Martin and Gobert lacked penological and/or security justification to treat Plaintiff in the manner as described above during the time they confiscated his medically prescribed shoes until the time they were returned.

25. Defendants Palmer, Muzzin, Martin and Gobert acted wantonly, maliciously and willfully.

26. Defendants Palmer, Muzzin, Martin and Gobert acted with deliberate indifference to the seriousness of Plaintiffs medical conditions of polio, diabetes, and neuropathy.

## CAUSES OF ACTION

### Count I

**Plaintiff Was Subjected to Cruel and Unusual Punishment In Violation of The Eighth Amendment To The Constitution.**

27. Plaintiff incorporates paragraphs 1 through 26 as though they were stated fully herein.

28. Defendants Muzzin and Martin violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by confiscating and retained his medically prescribed orthopedic shoes, knowing Plaintiff suffering from polio, diabetes and

3

neuropathy.

29. Defendant Muzzin violated Plaintiff's Eighth Amendment right to be free of cruel and unusual punishment when by confiscating Plaintiff medically prescribed shoes and forced him to wear of used pair of state oxfords on his visit after being informed that the state shoes would cause him pain and discomfort.

30. Defendant Martin violated Plaintiffs right to be free of cruel and unusual punishment when he confiscated Plaintiff's medically prescribed shoes and forced him to walk back to his housing unit bared footed knowing Plaintiff suffered from polio, diabetes, and neuropathy.

32. Defendants Palmer, Muzzin, Martin an Gobert violated Plaintiff Eighth Amendment right to be free of cruel of cruel and unusual punishment by acting deliberately indifferent in retaining Plaintiff's medically prescribed shoes knowing he suffered from polio, diabetes and neuropathy.

## Count II

### Plaintiff was Denied Due Process Under The Fourteenth Amendment To the Constitution.

33. Plaintiff incorporates paragraphs 1 through 26 as though they were stated fully herein.

34. Defendant's Palmer' Muzzin, Martin and Gobert violated Plaintiff's Fourteenth Amendment rights to due process by continuously retaining Plaintiff's medically prescribed shoes without providing him with a timely Administrative hearing.

35. Defendant Martin violated Plaintiff's Fourteenth Amendment rights to due process by having C/O Schlossein write him a false class III misconduct report in attempt to cover-up for violating Plaintiff's Eighth Amendment right to be free from cruel and unusual punishemtn.

## Count III

### Plainitff Was Denied Equal Protection
### Under the Fourteenth Amendment To the Constitution.

36. Plaintiff incorporates paragraphs  1 through 26 as though they were stated

4

fully herein.

37. Defendants Palmer, Muzzin, Martin, and Gobert violated Plaintiff's Fourteenth Amendment Rights to equal protection by confiscating, retaining and refusing to allow Plaintiff to wear his medical prescribed shoes on a visit.

38. Defendants Palmer" Muzzin, Martin and Gobert violation Plaintiff's Fourteenth Amendment rights to equal protection under the Americans with Disabilities Act" 42 U.S.C. §§ 12101 et seg; and the Rehabilitation Act" 29 U.S.C § 794 et seq, by confiscating, retaining and preventing Plaintiff from wearing his medically prescribed shoes on a visit where they had knowledge Plaintiff suffered from polio, diabetes and neuropathy.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Douglas respectfullu prays that this Court:

A. Declare that the acts and omission described herein violated Plaintiff;s rights under the Constitution and laws of the United States:

B. Issue Injunctive Relief preventing any Michigan Department of Corrections employees from **confiscating** and retaining Plaintiff's medically prescribed shoes without just cause.

C. Order Defendants Palmer, Muzzin, Martin and Gobert to pay compensatory damages in the amount of $25,000.00 each.

D. Order Defendants Palmer, Muzzin, Martin and Gobert to pay punitive damages in the amount of $10,000.00 each.

E. Order defendants to pay reasonable fees and cost; and

F. Grant other just and equitable relief that this Honorable Court deems necessary.

Dated: _12-19-2014_

Respectfully submitted,

_Leon Douglas_
Leon Douglas

## VERIFICATION

I, <u>Leon Douglas</u>, have read the foregoing Complaint and hereby verify that the matter(s) alleged therein are true, except as to matter(s) alleged on information and belief, and as to those I believe them to be true. I certify under the penalty of perjury that the foregoing is true and correct.

Executed on;

DATED: *12-19-2014*

Respectfully Submitted;

Mr. Leon Douglas
Thumb Correctional Facility
3225 John Conley Drive
Lapeer, MI 48446

6

## INDEX OF ATTACHMENTS

Contraband Removal Record of 7/23/12 (one page)

Misconduct Report of 7/23/12 (one page)

Medical Details and Special Accommodation Notices (nine pages)

Grievance No. 1209-1627-28C (six pages)

Grievance No. 1211-1900-07B (four pages)

MICHIGAN DEPARTMENT OF CORRECTIONS
CONTRABAND REMOVAL RECORD

CSJ-284
12/01
4835-3284

| Date: 9-23-12 | Time: 1100 hrs | Staff Member's Name: Schlosstein | | Badge Number: |
|---|---|---|---|---|
| Prisoner Name: Douglas | | Prisoner Number: 132125 | Lock: I-2-3B | Facility: KMI |

Location Contraband Found:   On Person

| ITEM | DESCRIPTION AND REASON FOR CONFISCATION (Describe Fully): |
|---|---|
| 1 | 1 pair of black dress Oxford shoes |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

| ☒ SECURED IN   OR   ☐ TURNED OVER TO: | Date: 9-23-12 | Time: 1100 hrs |
|---|---|---|
| FOR   Hearing | | |

| ☐ HEARING   OR   ☐ INSPECTION | | |

| ☐ RETURNED TO PRISONER AFTER INSPECTION & WITHOUT ACTION TAKEN | Date: | Time: |
|---|---|---|

Prisoner - Print Name:                              Signature:

DISTRIBUTION:   ☐ File Copy   ☒ Attached to NOI/Misconduct Report   ☐ Prisoner   ☐ With Contraband

MICHIGAN DEPARTMENT OF CORRECTIONS

**CONDUCT REPORT**

CSJ-228
10/10    4835-3228

| Prisoner Number: | Prisoner Name: Douglas | Facility Code: RMI | Lock: 1-2-36 | Violation Date: 1-33-12 |

Time and Place of Violation: 1115 Rotunda

Contraband Removal Record Provided to Prisoner?
☑ Yes    Date 1-33-12    ☐ N/A

Misconduct Class: ☐ I  ☐ II  ☐☒ III    Charge(s): Contraband

Describe Violation (If contraband involved, describe in detail; identify any other employee witnesses):

When Douglas came to the control center for a visit, he was wearing a pair of unauthorized shoes that are not written under a medical detail, or can be worn on visit.

✗ by State Id

| Reporting Staff Member's Name (Print) Schlosslin | Reporting Staff Member's Signature | Date and Time Written 1131  9-33-12 |

**REVIEW**

Location/Verification/Condition of Evidence:

Reduced to Class I at review: ☐ Yes    If "yes", explain reason:

**COMPLETE THIS SECTION ONLY FOR REVIEW OF CLASS I MISCONDUCT**

Status Pending Hearing:    ☐ Bond    ☐ Segregation    ☐ Confinement to Cell/Room    ☐ Other
Reason if Non-Bond:    ☐ Non-Bond List    ☐ Bond Revoked (must give reason)

Date and Time Given this Status:    Who Notified in Housing Unit of Status:

Hearing Investigator Requested?  ☐ No  ☐ Yes    Witnesses Requested?  ☐ No  ☐ Yes    If yes, list:

Relevant Documents Requested?  ☐ No  ☐ Yes
List:

Additional Comments:    Prisoner Waives 24 Hour Notice of Hearing?  ☐ No  ☐ Yes
Hearing Date: _____

| Reviewing Officer's Name (Print) | Reviewing Officer's Signature | Review Date and Time 12-1-12  7:00 |

I have received a copy of this report. My signature does not necessarily mean that I agree with the report.
☐ Prisoner refused to sign. Copy given to prisoner.

| Prisoner's Signature | Date |

**WAIVER OF CLASS II OR III HEARING**

I understand I have a right to a hearing. I waive my right to hearing and plead guilty to all charges. I also waive my right to appeal and accept the sanctions imposed.

| Prisoner's Signature | Date 1-24-12 |

**SANCTIONS IMPOSED (Hearing Investigator enters begin and end dates for Class II misconducts)**

| ___ Days Toplock | Begins: _____ | Ends: _____ | ☐ Counseling/Reprimand (Class III only) |
| ___ Days Loss of Privileges | Begins: _____ | Ends: _____ | ☐ $ _____ Restitution (Class II only) |
| ___ Hours Extra Duty | Begins: _____ | Ends: _____ | |

Any Disposition If Applicable:

| Employee Accepting Plea and Imposing Sanction (Print) | Employee's Signature | Date |

| Hearing Investigator's Name (Print) | Hearing Investigator's Signature | Date |

Distribution: Prisoner; Counselor File; Record Office File (Class I and II); Central Office File (Class I); Hearing Investigator (Class I & Class II)

4835-7556
CHJ-556  6/90

MICHIGAN DEPRTMENT OF CORRECTIONS - Bureau of Health Care

| 1 | MEDICATION | EXP. DATE | TIME(S) |
|---|---|---|---|

RETURN ALL UNUSED OR EXPIRED MEDICATIONS TO HEALTH SERVICES UNIT.

| 2 | LAY-IN | | | | TIME | EXP. DATE |
|---|---|---|---|---|---|---|
| ☐ Room | ☐ Meals In | ☐ Unit | ☐ Meals Out | | | |

| 3 | EQUIPMENT OR SUPPLIES | EXP. DATE |
|---|---|---|

| 4 | INSTRUCTIONS TO PRISONERS |
|---|---|
| ALL EQUIPMENT ISSUED: | Automatic follow-up appointment will be made on expiration date. Bring Equipment with you at that time. |

| 5 | AUTHORITY |
|---|---|
| Ordered By_____ Time ___ am/pm | Approved By_____ Time ___ am/pm |

| 6 | MEDICATION GIVEN WITH INSTRUCTIONS |
|---|---|
| Date | Time ___ am/pm | Given by (Signature & Title) |

Prisoner's Signature

| 7 | ISSUED |
|---|---|

Prisoner Identification & Lock

# MEDICAL DETAIL

Full Name: _Douglas_

Number: _132125_

Lock

Distribution:   White - Health Services;   Green - Prisoner;   Canary - RUM;   Pink - Control Center;   Goldenrod - Property

MICHIGAN DEPARTMENT OF CORRECTIONS — Office of Health Care

CHR-556 4/86

| 1 | MEDICATION | EXP. DATE | TIME(S) |
|---|------------|-----------|---------|

☐ ☐ ☐ ☐ ☐

☐ ☐ ☐ ☐ ☐

☐ ☐ ☐ ☐ ☐

☐ ☐ ☐ ☐ ☐

RETURN ALL UNUSED OR EXPIRED MEDICATIONS TO HEALTH SERVICES UNIT.

| 2 | LAY - IN | | TIME | EXP. DATE |
|---|----------|--|------|-----------|
| ☐ Room | ☐ Meals In | ☐ Unit ☐ Meals Out | | |

| 3 | EQUIPMENT OR SUPPLIES | EXP. DATE |
|---|----------------------|-----------|

| 4 | INSTRUCTIONS TO PRISONERS |
|---|---------------------------|

ALL EQUIPMENT ISSUED: Automatic follow-up appointment will be made on expiration date. Bring Equipment with you at that time.

Have family obtain shoes & send direct
from vendor to health services

| 5 | | AUTHORITY | | | |
|---|--|-----------|--|--|--|
| Ordered By Dr Baker/pr | Time | am pm | Approved By | Time | am pm |

| 6 | MEDICATION GIVEN WITH INSTRUCTIONS |
|---|-----------------------------------|

| Date | Time | am pm | Given by (Signature & Title) |
|------|------|-------|------------------------------|

Prisoner's Signature

| 7 | ISSUED |
|---|--------|

3-19-91

# MEDICAL DETAIL

Prisoner Identification & Lock

Full Name: Douglas, Leon

Number: 132125

Lock: M-107

Distribution: Health Services, Prisoner, RUM, Control Center, Property

MICHIGAN DEPARTMENT OF CORRECTIONS-Bureau of Health Care

4835-7244
CHJ-244 12/95

**This form is to be completed only when medical condition or physical disability affects placement, housing, work assignment, or requires special supplies/equipment.**

## Necessary accommodations:  If accommodations are temporary record date accommodation must be reviewed beside checkbox (HX ☐ _____ MM/DD/YY).

### A. Housing:

| | | |
|---|---|---|
| HA ☐ _____ | Barrier Free/Wheelchair Accessible | HH ☐ _____ Single-person Room |
| HB ☐ _____ | Smoke Free | HI ☐ _____ Sink/toilet in Room |
| HC ☐ _____ | Ground Floor Room | HJ ☐ _____ Extra Bedding/Clothing (specify) _____ |
| HD ☐ _____ | Continuous Electric Power | HK ☐ _____ Frequent Laundry Service |
| HE ☐ _____ | Continuous Access to Toilet | HL ☐ _____ Geriatric Unit |
| HF ☐ _____ | Shower Chair | HZ ☐ _____ Other (specify) _____ |
| HG ☑ _____ | Bottom Bunk | |

### B. Work Assignment:

| | | |
|---|---|---|
| WA ☐ _____ | No Work Assignment-Temporary Restriction | WD ☐ _____ No Driving/Dangerous Machinery |
| WB ☐ _____ | No Standing | WE ☐ _____ No Lifting More Than _____ lbs |
| WC ☐ _____ | No Heights | WZ ☐ _____ Other (specify) _____ |

### C. Medical Equipment/Supplies:

| | | |
|---|---|---|
| MA ☐ _____ | Limb Prosthesis (specify) _____ | MJ ☐ _____ Wheelchair (type) _____ |
| MB ☐ _____ | Brace (specify type) _____ | MK ☐ _____ Contact Lens(es) & Supplies |
| MC ☐ _____ | Crutches | ML ☐ _____ Hearing Aid |
| MD ☐ _____ | Cane (type) _____ | MM ☐ _____ Incontinence Garment |
| ME ☐ _____ | Walker | MN ☐ _____ Special Garment (specify) _____ |
| MF ☐ _____ | Dressing/catheter/colostomy  Supplies | MO ☐ _____ Glasses - RX: |
| MG ☑ _____ | Prescription Shoe (specify) LT FOOT | MZ ☐ _____ Other (specify) _____ |
| MI ☐ _____ | Dialysis - Peritoneal  ON VISITS | |

### D. Other:

| | |
|---|---|
| OA ☐ _____ | Attendant to assist with meal access and other movement inside the institution. Attendant will not feed or lift the patient, or perform elements of personal hygiene. |
| OB ☐ _____ | Therapeutic Diet (specify) _____ |
| OC ☐ _____ | Handicap Table |
| OD ☐ _____ | Communication Assistance: ☐ Hearing  ☐ Sight  ☐ Reading/writing |
| OE ☐ _____ | Transport Vehicle with Lift |
| OZ ☐ _____ | Other (specify) _____ |

| | Signature | Title | Number | Date |
|---|---|---|---|---|
| Completed By: | D. Mila | RN | 15557 | 9-18-98 |
| Approved By: | | | | |

## SPECIAL ACCOMMODATION NOTICE

Patient Identification
Name: Douglas Leon
Number: 132-125
D.O.B.: 9-18-54

Distribution:  White-Health Record,  Canary-Record Office File,  Pink-Counselor,  Goldenrod-Prisoner

**MICHIGAN DEPARTMENT OF CORRECTIONS — Bureau of Health Care**

| 1 | MEDICATION | EXP. DATE | TIME (S) | CHJ-556 6/90 |
|---|---|---|---|---|

☐ ☐ ☐ ☐ ☐

☐ ☐ ☐ ☐ ☐

☐ ☐ ☐ ☐ ☐

☐ ☐ ☐ ☐ ☐

RETURN ALL UNUSED OR EXPIRED MEDICATIONS TO HEALTH SERVICES UNIT.

| 2 | LAY - IN | TIME | EXP. DATE |
|---|---|---|---|
| ☐ Room  ☐ Meals In  ☐ Unit  ☐ Meals Out | | | |

| 3 | EQUIPMENT OR SUPPLIES | | EXP. DATE |
|---|---|---|---|

| 4 | INSTRUCTIONS TO PRISONERS |
|---|---|

ALL EQUIPMENT ISSUED:    Automatic follow-up appointment will be made on expiration date.
Bring Equipment with you at that time.

May keep six pair of specially made shoes at TCF
When new shoes needed must follow proper
procedure to procure.

| 5 | AUTHORITY | | | |
|---|---|---|---|---|
| Ordered By _Elbuyprint_  Time 1445  am pm | Approved By | | Time | am pm |

| 6 | MEDICATION GIVEN WITH INSTRUCTIONS |
|---|---|
| Date | Time | am pm | Given by (Signature & Title) |

Prisoner's Signature  X _____

| 7 | ISSUED |
|---|---|

**MEDICAL DETAIL**

Prisoner Identification & Lock

Full Name: _Douglas Leon_

Number: _132125_

Lock: _TCF_

Distribution: Health Services, Prisoner, RUM, Control Center, Property

MICHIGAN DEPARTMENT OF CORRECTIONS-Bureau of Health Care

4835-7244
CHJ-244 12/95

**This form is to be completed only when medical condition or physical disability affects placement, housing, work assignment, or requires special supplies/equipment.**

## Necessary accommodations: If accommodations are temporary record date accommodation must be reviewed beside checkbox (HX ☐ _____ MM/DD/YY).

### A. Housing:

HA ☐ _____ Barrier Free/Wheelchair Accessible

HB ☐ _____ Smoke Free

HC ☐ _____ Ground Floor Room

HD ☐ _____ Continuous Electric Power

HE ☐ _____ Continuous Access to Toilet

HF ☐ _____ Shower Chair

HG ☐ _____ Bottom Bunk

HH ☐ _____ Single-person Room

HI ☐ _____ Sink/toilet in Room

HJ ☐ _____ Extra Bedding/Clothing (specify) _____

HK ☐ _____ Frequent Laundry Service

HL ☐ _____ Geriatric Unit

HZ ☐ _____ Other (specify) _____

### B. Work Assignment:

WA ☐ _____ No Work Assignment-Temporary Restriction

WB ☐ _____ No Standing

WC ☐ _____ No Heights

WD ☐ _____ No Driving/Dangerous Machinery

WE ☐ _____ No Lifting More Than _____ lbs

WZ ☐ _____ Other (specify) _____

### C. Medical Equipment/Supplies:

MA ☐ _____ Limb Prosthesis (specify) _____

MB ☐ _____ Brace (specify type) _____

MC ☐ _____ Crutches

MD ☐ _____ Cane (type) _____

ME ☐ _____ Walker

MF ☐ _____ Dressing/catheter/colostomy Supplies

MG ☒ _____ Prescription Shoe (specify) *Orthopedic*

MI ☐ _____ Dialysis - Peritoneal

MJ ☐ _____ Wheelchair (type) _____

MK ☐ _____ Contact Lens(es) & Supplies

ML ☐ _____ Hearing Aid

MM ☐ _____ Incontinence Garment

MN ☐ _____ Special Garment (specify) _____

MO ☐ _____ Glasses - RX: _____

☐ _____ Other (specify) _____

*Shoes/laced corona colored shoe [signature] 1/23/01*

### D. Other:

OA ☐ _____ Attendant to assist with meal access and other movement inside the institution. Attendant will not feed or lift the patient, or perform elements of personal hygiene.

OB ☐ _____ Therapeutic Diet (specify) _____

OC ☐ _____ Handicap Table

OD ☐ _____ Communication Assistance: ☐ Hearing ☐ Sight ☐ Reading/writing

OE ☐ _____ Transport Vehicle with Lift

OZ ☐ _____ Other (specify) _____

| | Signature | Title | Number | Date |
|---|---|---|---|---|
| Completed By: | *D Aukney* | *Rn* | *15010* | *1/24/01* |
| Approved By: | *R Moskal, MD* | *Phys* | *10073* | *1/24/01* |

## SPECIAL ACCOMMODATION NOTICE

Patient Identification

Name: *Douglas Leon*

Number: *132125*

D.O.B.: *9-18-54*    *F-1-33*

Distribution: White-Health Record, Canary-Record Office File, Pink-Counselor, Goldenrod-Prisoner

MICHIGAN DEPARTMENT OF CORRECTIONS-Bureau of Health Care

4835-7244
CHJ-244 12/95

**This form is to be completed only when medical condition or physical disability affects placement, housing, work assignment, or requires special supplies/equipment.**

**Necessary accommodations:** If accommodations are temporary record date accommodation must be reviewed beside checkbox (HX ☐ _____ MM/DD/YY).

**A. Housing:**

- HA ☐ _____ Barrier Free/Wheelchair Accessible
- HB ☐ _____ Smoke Free
- HC ☐ _____ Ground Floor Room
- HD ☐ _____ Continuous Electric Power
- HE ☐ _____ Continuous Access to Toilet
- HF ☑ _____ Shower Chair
- HG ☐ _____ Bottom Bunk

- HH ☐ _____ Single-person Room
- HI ☐ _____ Sink/toilet in Room
- HJ ☐ _____ Extra Bedding/Clothing (specify) _____
- HK ☐ _____ Frequent Laundry Service
- HL ☐ _____ Geriatric Unit
- HZ ☐ _____ Other (specify) _____

**B. Work Assignment:**

- WA ☐ _____ No Work Assignment-Temporary Restriction
- WB ☐ _____ No Standing
- WC ☐ _____ No Heights

- WD ☐ _____ No Driving/Dangerous Machinery
- WE ☐ _____ No Lifting More Than _____ lbs
- WZ ☐ _____ Other (specify) _____

**C. Medical Equipment/Supplies:**

- MA ☐ _____ Limb Prosthesis (specify) _____
- MB ☐ _____ Brace (specify type) _____
- MC ☐ _____ Crutches
- MD ☐ _____ Cane (type) _____
- ME ☐ _____ Walker
- MF ☐ _____ Dressing/catheter/colostomy Supplies
- MG ☑ _prism_ Prescription Shoe (specify) _orthopedics_
- MF ☐ _____ Dialysis - Peritoneal

- MJ ☐ _____ Wheelchair (type) _____
- MK ☐ _____ Contact Lens(es) & Supplies
- ML ☐ _____ Hearing Aid
- MM ☐ _____ Incontinence Garment
- MN ☐ _____ Special Garment (specify) _____
- MO ☐ _____ Glasses - RX: _____
- MZ ☐ _____ Other (specify) _____

**D. Other:**

- OA ☐ _____ Attendant to assist with meal access and other movement inside the institution. Attendant will not feed or lift the patient, or perform elements of personal hygiene.
- OB ☐ _____ Therapeutic Diet (specify) _____
- OC ☐ _____ Handicap Table
- OD ☐ _____ Communication Assistance: ☐ Hearing ☐ Sight ☐ Reading/writing
- OE ☐ _____ Transport Vehicle with Lift
- OZ ☐ _____ Other (specify) _____

| | Signature | Title | Number | Date |
|---|---|---|---|---|
| Completed By: | _Linda Haase_ | ARN-13 | 10452 | 4/15/03 |
| Approved By: | _Beverly Sauve PAC_ | PAC | 31006 | 4/15/03 |

**SPECIAL ACCOMMODATION NOTICE**

Patient Identification
Name: Douglas, Leon
Number: 132125
D.O.B.: 9-18-54

Distribution: White-Health Record. Canary-Record Office File, Pink-Counselor, Goldenrod-Prisoner

MICHIGAN DEPARTMENT OF CORRECTIONS-Bureau of Health Care

4835-7244
CHJ-244 11/94

**This form is to be completed only when medical condition or physical disability affects placement, housing, work assignment, or requires special supplies/equipment.**

## Necessary accommodations:  If accommodations are temporary record date accommodation must be reviewed beside checkbox (HX ☐ MM/DD/YY ).

**A. Housing:**

| | |
|---|---|
| HA ☐ _____ Barrier Free/Wheelchair Accessible | HG ☐ _____ Bottom Bunk |
| HB ☐ _____ Smoke Free | HH ☐ _____ Single-person Room |
| HC ☐ _____ Ground Floor Room | HI ☐ _____ Sink/toilet in Room |
| HD ☐ _____ Continuous Electric Power | HJ ☐ _____ Extra Bedding/Clothing (specify) _____ |
| HE ☐ _____ Continuous Access to Toilet | HK ☐ _____ Frequent Laundry Service |
| HF ☐ _____ Shower Chair | HZ ☐ _____ Other (specify) _____ |

**B. Work Assignment:**

| | |
|---|---|
| WA ☐ _____ No Work Assignment | WD ☐ _____ No Driving/Dangerous Machinery |
| WB ☐ _____ No Standing | WE ☐ _____ No Lifting More Than _____ lbs |
| WC ☐ _____ No Heights | WZ ☐ _____ Other (specify) _____ |

**C. Medical Equipment/Supplies:**

| | |
|---|---|
| MA ☐ _____ Limb Prosthesis (specify) _____ | MI ☐ _____ Dialysis - Peritoneal |
| MB ☐ _____ Brace (specify type) _____ | MJ ☐ _____ Wheelchair (type) _____ |
| MC ☐ _____ Crutches | MK ☐ _____ Contact Lens(es) & Supplies |
| MD ☐ _____ Cane (type) _____ | ML ☐ _____ Hearing Aid |
| ME ☐ _____ Walker | MM ☐ _____ Incontinence Garment |
| MF ☐ _____ Dressing/catheter/colostomy  Supplies | MN ☐ _____ Special Garment (specify) _____ |
| MG ☐ _____ Prescription Shoe (specify) _____ | MO ☐ _____ Glasses - RX: _____ |
| MH ☐ _____ Unusual Shoe Size/Width: _____ R: _____ L: _____ | MZ ☐ _____ Other (specify) _____ |

**D. Other:**

OA ☐ _____ Attendant to assist with meal access and other movement inside the institution.  Attendant will not feed or lift the patient, or perform elements of personal hygiene.

OB ☐ _____ Therapeutic Diet (specify) _____

OC ☐ _____ Handicap Table

OD ☐ _____ Communication Assistance:   ☐ Hearing –   ☐ Sight –   ☐ Reading/writing

OE ☐ _____ Transport Vehicle with Lift

OZ ☐ _____ Other (specify) _____

| | Signature | Title | Number | Date |
|---|---|---|---|---|
| Completed By: | | | | |
| Approved By: | | | | |

## SPECIAL ACCOMMODATION NOTICE

Patient Identification

Name:

Number:

D.O.B.:

Distribution:   White-Health Record,   Canary-Record Office File,   Pink-Counselor,   Goldenrod-Prisoner



## MICHIGAN DEPARTMENT OF CORRECTIONS
## BUREAU OF HEALTH CARE SERVICES

DATE:09/16/2010 3:43 PM

## SPECIAL ACCOMMODATIONS ORDERS

| Order | Start Date | Stop Date | Ordered | Ordered By |
|---|---|---|---|---|
| Housing: Bottom bunk | 04/14/2006 | | 04/14/2006 | Wendy J. Wellington, RN |
| Medical Equipment/Supplies: Other, glucometer | 04/27/2007 | | 04/27/2007 | Brenda Hunter, MRE |
| Medical Equipment/Supplies: Other, glucometer and supplies | 06/01/2009 | | 06/01/2009 | Amy J. Bidlack, RN |
| Medical Equipment/Supplies: Prescription shoe, athletic shoes 10.5 4E | | 09/02/2009 | 09/02/2009 | Julie A. Pugh, RN |
| Medical Equipment/Supplies: Prescription shoe, orthotic shoe | 04/19/2006 | | 04/19/2006 | Brenda Hunter, MRE |
| Other: At risk of heat-related illness | 04/19/2006 | | 04/19/2006 | Brenda Hunter, MRE |
| Other: At risk of heat-related illness | 09/02/2009 | | 09/02/2009 | Julie A. Pugh, RN |
| Other: Other, bottom bunk | 04/01/2010 | 10/01/2010 | 04/01/2010 | Lisa R. Reeves, MD |
| Work Assignment: Other, FULL WORK, OK KITCHEN, NO RESTRICTIONS | 04/27/2005 | | 04/27/2005 | Bryan R. Sherman, MSPA-C |

Document generated by: Joseph Sparling, RN 09/16/2010 3:45 PM Facility: LCF

Name: LEON DOUGLAS
Inmate ID:  132125
DOB: 09/18/1954

4835-7556
CHJ-556   6/90

**MICHIGAN DEPARTMENT OF CORRECTIONS – Bureau of Health Care**

| 1 | MEDICATION | EXP. DATE | TIME(S) |
|---|---|---|---|

☐ ☐ ☐ ☐ ☐

☐ ☐ ☐ ☐ ☐

☐ ☐ ☐ ☐ ☐

☐ ☐ ☐ ☐ ☐

RETURN ALL UNUSED OR EXPIRED MEDICATIONS TO HEALTH SERVICES UNIT.

| 2 | LAY-IN | | TIME | EXP. DATE |
|---|---|---|---|---|
| ☐ Room    ☐ Meals In    ☐ Unit    ☐ Meals Out | | | |

| 3 | EQUIPMENT OR SUPPLIES | EXP. DATE |
|---|---|---|
| | | 2/15/06 |

| 4 | INSTRUCTIONS TO PRISONERS |
|---|---|
| ALL EQUIPMENT ISSUED: | Automatic follow-up appointment will be made on expiration date. Bring Equipment with you at that time. |

Bottom Bunk & extra shoe

| 5 | AUTHORITY | | | |
|---|---|---|---|---|
| Ordered By _____ | Time 1700 am/pm | Approved By | Time ___ am/pm |

| 6 | MEDICATION GIVEN WITH INSTRUCTIONS |
|---|---|
| Date | Time ___ am/pm | Given by (Signature & Title) |

Prisoner's Signature

| 7 | ISSUED |
|---|---|
| | 7/11/05 |

# MEDICAL DETAIL

Prisoner Identification & Lock

Full Name: Davida

Number: 132105

Lock: 137A2

Distribution:   White - Health Services;   Green - Prisoner;   Canary - RUM;   Pink - Control Center;   Goldenrod - Property

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I _____ Grievance Identifier: | | | | | | | | | | | | | |

> Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Leon Douglas | 132125 | RMI | I-2-5-B | 9-23-12 | 9-23-12 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 9-23-12
If none, explain why.

Discussed matter with Sgt. Muzzin, Lt. Martin, RMI medical staff and sent kite to Warden Palmer, and Dep. Sutherland. Matter not resolved at this level.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

On September 23, 2012, I was called for a visit. At approximately 0:21 hrs, Sgt. Muzzin refused to permit in the visiting room because I was wearing my prescription orthopedic shoes. I attempted to explain to Sgt. Muzzin that these shoes were specially made and ordered by a medical specialist for my feet because I have Polio, neuropathy, and I am a diabetic. I showed her my special medical accommodation and she refused to honor it. She gave me a choice of wearing a pair of state black oxfords, she came up with in the Rotunda, or not going on my visit. I informed that state oxfords cause me a lot of pain and discomfort in my feet because of my polio/deformities and neuropathy in my feet. She did not care and gave me no choice but to wear black state oxfords on my visit, or go without my visit. She made me leave my prescription shoes at the control center and told me they would be given back to me at the completion of my visit.

(CONTINUED SEE ATTACHED)

_____
Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☐ No    If No, give explanation. If resolved, explain resolution.)

_____    _____     _____    _____
Respondent's Signature          Date              Reviewer's Signature              Date

_____    _____     _____    _____
Respondent's Name (Print)    Working Title    Reviewer's Name (Print)    Working Title

| Date Returned to Grievant: | If resolved at Step I, Grievant sign here. Resolution must be described above. | _____    _____ |
|---|---|---|
| | | Grievant's Signature    Date |

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

During my visit, I experienced much unnecessary discomfort and pain in my feet wearing the black state oxfords Sgt. Muzzin forced me to wear. When I left my visit and reported to the control center to pick up my prescription shoes. Lt. Martin told me I could not have my prescription shoes. I told him I could no longer wear the black state oxfords because they were causing me pain and bleeding in my feet. I attempted to show him the bleeding these shoes were causing me and he refused to look. He then told me, to give him the black oxford shoes, and ordered me to return back to my housing unit in my bare feet. The weather was cold and the concrete sidewalks were very cold, causing me additional unnecessary pain and discomfort.

When I returned to my housing unit I showed C/O Decker and Sgt. Burns the bleeding caused by me being forced to wear the state black oxfords on my visit, and walking barefoot.

Sgt. Muzzin and Lt. Martin are in violation of PD.03.03.130, Humane Treatment and Living Conditions, clearly states: "All prisoners committed to the jurisdiction of the Department shall be treated humanely and with dignity in matters of health care, personal safety and general conditions." In addition a memo issued by Deputy Director Finco dated November 17, 2011, states, "As the prisoner's single pair of state-issued shoes, this Medically Necessary shoe may be worn in all areas where the state-issued work oxford is authorized, including while visiting and while being transported." See also RMI Warden's Forum Agenda, minutes dated September 20, 2012, Question #1, where warden Carmen Palmer stated the problems such as I am grieving would be corrected.

Moreso, in addition to the violation of PD.03.03.130, disabled prisoners such as myself have rights under the Americans with Disabilities Act (ADA) 42 U.S.C. §§ 12101 et seq. The Supreme Court has held that this federal statute applies to prisons. Pennsylvania Dep't of Corrections v Yeskey, 524 U.S. 206 (1998). The ADA prohibits prison officials from discriminating against prisoners with disabilities. Here it is clear that Sgt. Muzzin and Lt. Martin are in direct violation of the ADA. Sgt. Muzzin discriminated against me and refused to honor my special medical accommodation for prescription shoes as stated above. She then gave me no choice but to wear shoes that she was told would cause me pain and discomfort. Lt. Martin on the otherhand, discriminated against me, when he was also told of the pain and discomfort the shoes Sgt. Muzzin made me wear on my visit, and I attempted to show him my bleeding left foot. Yet, he gave me no other choice but to walk barefooted on cold concrete back to my housing unit, causing me more unnecessary pain and discomfort.

Not only did Sgt. Muzzin and Lt. Martin violate MDOC policy, and the ADA, but their actions clearly constitute deliberate indifference and (cruel and unusual punishment) in violation of the Eighth Amendment of the United States Constitution, as well as the Mich Const. 1963, Art 1, § 16. The United States Supreme Court in Farmer v Brennan, 511 U.S. 825 (1994), clearly explained what deliberate indifference means. It held that an official acts with deliberate indifference when s/he "knows that prisoners face risk of harm and disregards that risk by failing to take reasonable measures to abate it." Here there is no question that both Sgt. Muzzin and Lt. Martin, were put on notice of my special medical accommodation for prescription medical shoes, that were specially made for me because of my polio and neuropathy in my feet. They both failed to take any reasonable measures to abate my pain and discomfort. I fact, Sgt. Muzzin was made aware of the pain and discomfort that state oxfords cause me when wearing them. She deliberately ignored my serious medical condition and forced me to wear these state oxfords on my visit or go

without my visit, even after I informed her of the pain and discomfort the oxfords would cause. Lt. Martin, was informed of my polio, neuropathy and diabetes, and injury caused by the state oxfords and acted deliberately indifferent to the seriousness of my medical condition and refused to give me back my prescription shoes. This Lt. then forced me to walk back to my housing unit bared footed on cold concrete, causing me additional unnecessary pain and discomfort.

Because Sgt. Muzzin and Lt. Martin are in violation of MDOC policy, the Constitutions of the United states and the state of Michigan, and the ADA, I demand that these corrections officials be appropriately sanctioned and warned of their behavior. I also demand that all RMI visiting room staff and RMI officers be warned about failing to honor prisoners special medical accommodations and details, and request that I be given my prescription shoes back immediately.

MICHIGAN DEPARTMENT OF CORRECTIONS

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

4835-4248  12/97
CSJ-247 B

Date Received by Grievance Coordinator
at Step II: _____

Grievance Identifier | R | M | I | - | 1 | 2 | - | 0 | 9 | | | | | 1 | 7 | d |

**INSTRUCTIONS:**    THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
_____ K. Miller _____ by ___10/15/12___. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Leon Douglas | 130125 | RMI | 1-2-3-B | 9-23-12 | 10-11-12 |

**STEP II--Reason for Appeal**

Step I was improper, rejected and in violation of PD-03-02-130 and OP-03-02-130. Step I rejection states, that the grievance is being rejected because I raised two claims. One being that Sgt. Muzzin took my medical prescription shoes. The second claim was that Lt. Martin refused to give me my shoes back and forced me to walk back to my housing unit in my bare feet. Step I respondent Mr. Miller is absolutely correct in his analysis of the chronological events that took place. But this rejection is improper on the basis that the two claims being addressed in this grievance is prohibited by PD-03.02.130. This policy clearly states that the grievant must present the facts of his claim in a chronological order, date, time, place, who, what, when, where, and the names of the persons involved in the matter being grieved. This is exactly what the grievant has done in this matter.
(continued see attached)

**STEP II--Response**

Date Received by
Step II Respondent: __10-15-12__

See attached

CARMEN PALMER, WARDEN     [signature]          10/16/12

Respondent's Name (Print)        Respondent's Signature        Date

Date Returned to
Grievant:

**STEP III--Reason for Appeal**

Step II response received in RMI institutional mail on 10/18/12. Step III appeal placed in RMI I.O. Mail on 10/23/12.

(SEE ATTACHED STEP III APPEAL CLAIM'S).

**NOTE:  Only a copy of this appeal and the response will be returned to you.**

**STEP III--Director's Response** is attached as a separate sheet.

If you find the Step III Director's response unsatisfactory, you have the option of referring the grievance to the Office of Legislative Corrections Ombudsman, 4th Floor, Capitol Hall, 115 W. Allegan, Lansing, Michigan, 48913.

**DISTRIBUTION:**    White--Central Office;  Green - Canary --Step III;  Pink--Step II;  Goldenrod--Grievant

## STEP III APPEAL RMI-12-09-1627-28C

It is clear that Warden Carmen Palmer's step II investigation reveals that I did in fact have a special medical accommodation for my medical shoes. This special accommodation was presented to Sgt. Muzzin, Lt. Martin and C/O S. Schlosstein. Warden Palmer states in her step II response: "A review of the OMNI accommodation tab indicate Prisoner Douglas' start date of September 26, 2012 for his medical shoes necessary shoes, the incident date was on September 23, 2012. <u>Prisoner Douglas is allowed to wear his medically necessary shoes into the visiting room as authorized by a qualified medical healthcare professional.</u>" Although Warden Palmer supports my claim that I have a medical accommodation to wear my shoes on my visit, she makes no attempt to return these shoes to me whatsoever. Further, September 26, 2012, is the date in which RMI medical staff updated my special accommodation to ensure I would not run into anymore difficulties with RMI staff deliberately inflicting pain and suffering upon me. I have had a special accommodation and/or detail since I have had these shoes and, as stated, presented this accommodation to Sgt. Muzzin, Lt. Martinm and S. Schlosstien who deliberately and intentionally ignored the accommodation to inflict pain and suffering upon me and to deprive me of my medical shoes, which constitutes deliberate indifference and cruel and unusual punishment under the Eighth Amendment of the United States Constitution and the Michigan Constitution of 1963, Art 1, section 16, as well as, the Fourteenth Amendment of the United States Constitution's Due Process Clause, the Michigan Constitution of 1963, Art, Section 17, due Process Clause, the Federal Rehabilitation Act and the Americans with Disabilities Act.

Furthermore, it is clear that Grievance Coordinator K. Miller, and Warden Carmen Palmer are attempting to conspire and invoke a code of silence to cover up for Sgt. Muzzin, Lt. Martin and S. Schlosstein's misconduct, deprivation of my constitutional rights as set forth above and in my step one and two claims. K. Miller and Warden Palmer claim, that my step one grievance claims against Sgt. Muzzin and Lt. Martin raise multiple issues arising from one incident, thus rejection was proper.

However, it is clear, that the issues I raise were a result of one continued transaction, a conspiracy. Sgt. Muzzin, clearly violated my constitutional rights by taking my medical shoes from me, and forcing me to wear shoes that caused me pain and suffering. Sgt. Muzzin then conspired with Lt. Martin to deprive me of my shoes and to inflict more pain and suffering upon me, by forcing me to walk barefooted on cold wet concrete back to my housing unit. Sgt. Muzzin and Lt. Martin also conspired with S. Schlosstein to deprive me of my medical shoes by having Schlosstein write a Notice of Intent to Conduct an Adminstrative Hearing to deprive me of my shoes. Note this NOI was written on 9-23-12, and no Administrative hearing has yet to be conducted and my medical shoes still have not been returned to me, which further demonstrates that this was and is a deliberate action to deprive me of my shoes and to inflict harm, pain and suffering upon me. Because this is a continued transaction/conspiracy on the part of Sgt. Muzzin, Lt. Martin and S. Schlosstein, who engaged in a conspiracy to inflict pain and suffering upon me, and to deprive me of my medical shoes, this grievance was improperly rejected under K. Miller's multiple issue theory and cover-up. I stand firm on my step I and II claims, and again request that my medical shoes be returned to me immediately.

...ctor's Office

Mr. Richard Russell, Manager
Grievance Appeal, Section
P.O. Box 30003
Lansing, Michigan 48909

January 8, 2013

RE: STEP III GRIEVANCE DECISION
RMI2012091627286

Dear Mr. Russell:

    I am requesting for the Step III grievance appeal' decision for the RMI2012091627286 to be sent to me, as soon asa possible, please. This Step III grievance appeal' decision from your office is past due for a response of 90 days requirements, pursuant to P.D. 03.02.130.
Thank you for your assistance, it will be greatly appreciated.

Dated: 1/8/2013

Respectfully submitted,

Leon Douglas #132125
Michigan Reformatory
1342 West Main St.
Ionia, Michigan 48846

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I ___11/13/12___  Grievance Identifier: |__|__|__|__|__|__|__|__|__|__|__|__|__|__|__|__|

Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Leon Douglas | 132123 | RMI | 1-2-3-8 | 11-8-2012 | 11-11-12 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? on several occasions last
If none, explain why.

I have spoke to RUM Golbert on several occasions regarding this matter. Last being on or about 11-8-12. Matter can not be resolved at this level.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used.
Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted
to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

On September 23, 2012, I was written a Contraband Removal Slip for my special
accommodated shoes. These shoes were taken from me by Sgt. Muzzin and Lt. Martin on
a visit on September 23, 2012. Again they are medically prescribed shoes. No
administrative hearing has been conducted on these shoes, since the contraband
removal was written. I have asked RUM Golbert on several occasions when he intends
on conducting the hearing. In addition Grievance Coordinator Mr. Miller spoke to RUM
Golbert on November 5, 2012, in RUM Golbert informed him he was going to conduct the
hearing. I have also informed RUM Golbert that in response to my step II grievance
(RMI-12-09-1627-28C), concerning the illegal confiscation of my shoes, Warden Palmer
stated: "Prisoner Douglas is allowed to wear his medically necessary shoes into the
visiting room as authorized by a qualified medical healthcare professional." RUM
Golbert has continued to deny me a hearing on this Contraband Removal. RUM Golbert
is in violation of PD-04-07-112 Paragraph EE and AR 791 3510. RUM Golbert is further
denying me my due process rights to a hearing in violation of the United States
Constitutional Amendment Fourteen and the Mich Const of 1963, Art 1, Sec .17 RUM
Golbert's failure to provide me with a due process hearing further demonstrates RMI
staff's deliberate indifference in failing to honor my special medical
accommodations, to deliberately inflict pain and suffering upon me by delaying and
refusing to provide me with a due process hearing.

Grievant's Signature  _Leon Douglas_

RESPONSE (Grievant Interviewed? ☐ Yes ☐ No    If No, give explanation. If resolved, explain resolution.)

<br>

| | | | |
|---|---|---|---|
| Respondent's Signature | Date | Reviewer's Signature | Date |
| Respondent's Name (Print) | Working Title | Reviewer's Name (Print) | Working Title |

| Date Returned to Grievant: | If resolved at Step I, Grievant sign here. Resolution must be described above. | | |
|---|---|---|---|
| | | Grievant's Signature | Date |

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One, Goldenrod — Grievant

**Step II Grievance Appeal Response**      RMI-12-11-1900-07B

**Name:  Douglas**          **Number: 132125**          **Lock: I-2-3B**

Your Step I grievance, the response, and your reason for appeal have been reviewed.

**Summary of Step I Complaint:**
Grievant alleges he was written a Contraband Removal Slip for his special accommodated shoes.  The shoes were taken during a visit; however an administrative hearing has not been conducted on the shoes.

**Summary of Step I Response:**
The step I grievance response confirmed the grievant had been given his medical shoes back.

**Summary of Reason for Appeal:**
Grievant states he reiterates his step I allegation.

**Summary of Step II Investigation:**
The record reflects Prisoner Douglas was issued a Contraband Removal slip for his medical shoes.  Upon reviewing the Step I grievance, RUM Gobert did give Prisoner Douglas his medical shoes back.  RUM Gobert states Prisoner Douglas was given the Contraband Removal slip back when he received his shoes.  A Notice of Intent was not prepared, nor was an Administrative Hearing held regarding the Contraband Removal slip that was written on 9/23/12, therefore prisoner's due process was violated in accordance with PD-04.07.112.

Since the date of this incident, appropriate action has been taken to insure situations such as this do not happen again.

**Conclusion:**
Based on the above, your grievance is considered denied at Step II.

C. Palmer, Warden
Respondent's Name (Print)            Respondent's Signature            Date

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**



4835-4248  5/09
CSJ-247B

Date Received by Grievance Coordinator
at Step II: 12/6/12

'Grievance Identifier: | R | M I | 1 2 | 1 1 | 1 9 0 0 | 0 7 B |

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
___K. Miller___ by _12/12/12_. If it is not submitted by this date, it will be considered terminated.

DEC 2 - 2012

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Leon Douglas | 132125 | RMI | I-2-3-B | 11-8-12 | 12-5-12 |

**STEP II — Reason for Appeal** Step I response is an inadequate response to my claims of due process. RUM K. Gobert simply responded by stating I refused to sign off on this grievance, and Shoe's were given back. However my claim consisted of RUM Gobert deliberate refusal to conduct his administrative duties as an Administrative Hearing officer and conduct the hearing on Contraband Removal that was written on 9-23-12. RUM Gobert was spoken to a several occasions and still refused to conduct the hearing in a timely manner. RUM Gobert was told on many occasions that I needed my special medically accommodated shoes returned to me so i could get a visit because I could not wear state shoes that hurt my feet because of my medical condition. He still refused to conduct the hearing and/or return my until 2 months later. This refusal constitutes a violation of due process and deliberate indifference.

**STEP II — Response**

| Date Received by Step II Respondent: |
|---|
| 12-7-12 |

Carmen Palmer, Warden    Cpalmer    12/11/12

Respondent's Name (Print)    Respondent's Signature    Date

| Date Returned to Grievant: |
|---|
| |

**STEP III — Reason for Appeal** Step II response was received by grievant in the RMI institutional mail on 12-14-12 and Step III appeal is being placed in the RMI mail box (I.D. Mail) on 12-18-12. I agree with step II respondents that my due process rights were violated. However, Step II respondents failed to respond to my deliberate indifference claim that RUM K. Gobert deliberately and intentionally delayed my hearing to cause me harm, pain and suffering and to deprive me of my visiting privileges. I stand firm on my claims and request that RUM Gobert be sanctioned for failing to preform his administrative duties in a timely manner.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III — Director's Response is attached as a separate sheet.**

DISTRIBUTION:  White – Process to Step III;  Green, Canary, Pink – Process to Step II;  Goldenrod – Grievant




**RICK SNYDER**
GOVERNOR

STATE OF MICHIGAN
DEPARTMENT OF CORRECTIONS
LANSING

**DANIEL H. HEYNS**
DIRECTOR

TO:        Douglas, Leon #132125

SUBJECT:   Step III Grievance
           RMI-12-11-1900-07b

Your Step III grievance, including any materials included with your appeal from Step II, has been fully reviewed and considered by the Grievance and Appeals Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances". The response you received at Step II reflects that your issues were in fact considered and appropriately responded to at the facility level and corrective action was taken.  As there is no additional information or basis found for relief at Step III, the Step II decision is upheld.

Grievance Specialist: _____

Approval Signature: _____  Date mailed: ___MAR 2 9 2013___

cc:  Warden (RMI)
     Prisoner (TCF)

Leon Douglas #132125
Thumb Correctional Facility
3225 John Conley Drive
Lapeer, Michigan  48446

Date: 12-19-2014

Office of the Clerk
United States District Court
231 W. Lafayette Boulevard, Fifth Floor
Detroit, Michigan  48226


RE: <u>Leon Douglas v. Carmen Palmer (Warden), et al;</u>
    New Action with Motion to Consider Prior Filing as Proper and Timely


Dear Clerk:

Please find the original and one copy of my verified Civil Rights Complaint
with attachments for filing in your Court.  Also included is my Request
to Proceed <u>in forma pauperis</u> with attached prisoner account activity statement
supplied by the facility.

I have also enclosed the original and one copy of a MOTION TO CONSIDER PRIOR
FILING AS PROPER AND TIMELY for filing in the Court.

After initial review, would you please inform me of the steps needed to
move forward with my Complaint?  If I have committed any procedural errors
please inform me of the necessary fixes for a proper filing.

Thank you in advance for your time and consideration in this very important
matter.


Sincerely,

Leon Douglas


cc:  file

# CIVIL COVER SHEET FOR PRISONER CASES

| | | |
|---|---|---|
| **Case No.** 14-14961 | **Judge:** Paul D. Borman | **Magistrate Judge:** Patricia T. Morris |

| | |
|---|---|
| **Name of 1st Listed Plaintiff/Petitioner:**<br><br>Leon Douglas | **Name of 1st Listed Defendant/Respondent:**<br><br>Carmen Palmer et al |
| **Inmate Number:** 132125 | **Additional Information:** |
| **Plaintiff/Petitioner's Attorney and Address Information:** | |
| **Correctional Facility:**<br><br>Thumb Correctional Facility<br><br>3225 John Conley Drive<br>Lapeer, MI 48446<br>LAPEER COUNTY | |

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☒ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☒ IFP *In Forma Pauperis*
- ☐ PD Paid

---

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   ☐ **Yes**          ☒ **No**
   ➢ **If yes, give the following information:**
   
   Court: _____
   
   Case No: _____
   
   Judge: _____

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   ☐ **Yes**          ☒ **No**
   ➢ **If yes, give the following information:**
   
   Court: _____
   
   Case No: _____
   
   Judge: _____

MIED (Rev. 07/06) Civil Cover Sheet for Prisoner Cases



CTB

$ 05.05⁰

U.S. MARSHALS

Office of The Clerk
United States District Court
231 W. Lafayette, Fifth Floor
Detroit, Michigan 48226

RECEIVED
DEC 2 4 2014
CLERK'S OFFICE
DETROIT

Prove -
revise
add Check

need
4 copies

Sean Douglas Ivarns
Thumb Correctional facility
3225 John Conley Drive
Lapeer, Michigan 48446



PRIORITY MAIL
UNITED STATES POSTAL SERVICE