UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON DOUGLAS, #132125,

    Plaintiff,

v.                                CASE NO. 2:14-CV-14961
                                  HONORABLE PAUL D. BORMAN

CARMEN PALMER, ET AL.,

    Defendants.
_____/

## ORDER OF TRANSFER

Before the Court is Plaintiff Leon Douglas' pro se civil rights complaint brought pursuant to 42 U.S.C. § 1983, as well as his application to proceed without prepayment of costs and fees and a motion to consider his filing as timely. Plaintiff is a state prisoner currently confined at the Thumb Correctional Facility in Lapeer, Michigan. The events giving rise to this action occurred while Plaintiff was confined at the Michigan Reformatory in Ionia, Michigan. Plaintiff alleges that the defendants, Warden Palmer, Lieutenants Muzzin and Martin, and Resident Unit Manager Gobert – employees at Michigan Reformatory – improperly confiscated his medically-prescribed shoes and failed to provide him with proper hearings on the matter. He asserts that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment, were deliberately indifferent to his medical needs, and violated his rights to due process and equal protection under the Fourteenth Amendment and the Americans with Disabilities

Act. Plaintiff sues the defendants in their official and individual capacities and seeks injunctive relief and monetary damages.

Having reviewed the complaint, the Court concludes that venue is improper in this Court and that the case should be transferred to the United States District Court for the Western District of Michigan, Southern Division.

Venue for a civil action brought in federal court is governed by 28 U.S.C. § 1391. Section 1391(b) provides:

> Venue in general. A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Public officials "reside" in the county where they perform their official duties. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).

When venue is improper, a district court may either dismiss the case or, in the interests of justice, transfer the case to a district or division where it could have been brought. *See* 28 U.S.C. § 1406(a). Additionally, even when venue is proper, a district court may transfer a civil action to any other district where it might have been brought for

2

the convenience of the parties and witnesses and in the interest of justice. *See* 28 U.S.C. § 1404(a). A court may sua sponte transfer a case for improper venue. *Carver v. Knox County, Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989); *see also Cosmichrome, Inc. v. Spectra Chrome, Inc. LLC*, 504 F. App'x 468, 472 (6th Cir. 2012); *Flynn v. Greg Anthony Construct. Co., Inc.*, 95 F. App'x 726, 738 (6th Cir. 2003).

In this case, the defendants reside in Ionia, Michigan and the actions giving rise to the complaint occurred there. Ionia, Michigan lies in Ionia County, which is located in the Southern Division of the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). Venue is therefore proper in the United States District Court for the Western District of Michigan, Southern Division, not this Court.

Accordingly, pursuant to 28 U.S.C. § 1406(a) and in the interests of justice, the Court orders the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan, Southern Division. The Court makes no determination as to the merits of the complaint, the application to proceed without prepayment of fees and costs, or the motion to consider the filing as timely.

    s/Paul D. Borman  
    PAUL D. BORMAN  
    UNITED STATES DISTRICT JUDGE

Dated: January 14, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 14, 2015.

s/Deborah Tofil<br>
Case Manager