UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LEON DOUGLAS,

        Plaintiff,                   Case No. 1:15-cv-41

v.                                        Honorable Robert Holmes Bell

CARMEN PALMER et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Palmer. The Court will serve the complaint against Defendants Muzzin, Martin and Gobert.

**Discussion**

    I.        Factual allegations

Plaintiff Leon Douglas presently is incarcerated at the Thumb Correctional Facility, though the actions about which he complains occurred while he was housed at the Michigan Reformatory (RMI). He sues the following RMI employees: Warden Carmen Palmer; Lieutenants (unknown) Muzzin and (unknown) Martin; and Resident Unit Manager Kerry Gobert.

Plaintiff alleges that he has long had a medical accommodation to wear orthopedic shoes in the visiting room, because of his diabetes and polio and resulting neuropathy. On September 23, 2014, when Plaintiff was called to a visit, Defendant Muzzin refused to allow him into the visiting room because he was wearing his orthopedic shoes. After Plaintiff showed Muzzin his special accommodation notice, Muzzin continued to refuse Plaintiff admittance to the visiting room unless he wore state-issued shoes. Defendant Muzzin gave Plaintiff the choice of wearing a pair of state-issued shoes she had located or refuse his visits. Plaintiff wore the state-issued shoes, but he suffered extreme pain and bleeding and was forced to terminate his visit.

After he left the visit, Plaintiff reported to the control center to pick up his orthopedic shoes. Defendant Martin, however, refused to return them, despite Plaintiff's complaints of serious pain. Defendant Martin then issued Plaintiff a direct order to return to his housing unit in his bare feet, and Plaintiff complied.

When Plaintiff returned to his housing unit, he showed his bloodied feet to Sergeant Burns and Correctional Officer Decker, who advised Plaintiff to file a grievance against Defendants Muzzin and Martin. Plaintiff filed the grievance that same day. The following day, Plaintiff was called to the control center, where he was served with a Class III misconduct report for possessing

contraband, which was written by Correctional Officer Schlosstein. When Plaintiff asked Schlosstein why he was issuing the misconduct report, Schlosstein told Plaintiff that Defendant Martin had instructed him to do so.

From September 23, 2012 through November 8, 2012, Plaintiff repeatedly wrote Defendant Palmer, asking her to intervene. In his letters, Plaintiff quoted Defendant Palmer's prior determination that "Prisoner Douglas is allowed to wear his medically necessary shoes into the visiting room as authorized by a qualified medical healthcare professional." (Compl., docket #1, Page ID#7.) Defendant Palmer did not reply.

Plaintiff also repeatedly spoke with Defendant Gobert, requesting that a hearing be held on his prescription shoes and asking that Gobert return the shoes to Plaintiff. On November 8, 2012, Plaintiff filed a grievance against Gobert for violating his right to due process in failing to conduct a timely administrative hearing. Grievance Coordinator K. Miller rejected the grievance at Step I, but Defendant Gobert returned Plaintiff's orthopedic shoes. Plaintiff filed a Step II grievance, and on December 11, 2012, Defendant Palmer concluded that Plaintiff had been denied his right to due process under MICH. DEP'T OF CORR., Policy Directive 04.07.112, because no notice of intent was ever prepared and no administrative hearing was ever held concerning the contraband removal slip written on September 23, 2012.

Plaintiff alleges that Defendants Muzzin and Martin violated his Eighth Amendment rights by confiscating and retaining his medically necessary orthopedic shoes. He also alleges that he was denied due process when Defendants Palmer, Muzzin, Martin and Gobert continuously retained his shoes without providing him an administrative hearing. Plaintiff also alleges that Defendant Martin violated his rights to due process by having Correctional Officer Schlosstein write

a misconduct report to cover-up the Eighth Amendment violation, which the Court construes liberally as a claim that Martin filed a false misconduct report in retaliation for Plaintiff's grievance. Finally, Plaintiff contends that he was denied equal protection under the Fourteenth Amendment when Defendants violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and the Rehabilitation Act (RA), 29 U.S.C. § 794, which the Court liberally construes as a claim that Defendants violated both the ADA and the RA.

Plaintiff seeks declaratory and injunctive relief, together with compensatory and punitive damages.

II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendant Palmer, other than his claim that Palmer failed to supervise the other Defendants and failed to respond adequately to Plaintiff's letters and grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance

or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant Palmer engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against Defendant Palmer.

At this juncture, the Court concludes that Plaintiff's allegations against the remaining Defendants are sufficient to warrant service of the complaint.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Palmer will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Muzzin, Martin and Gobert.

An Order consistent with this Opinion will be entered.


Dated: April 21, 2015                         /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE