UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LEON DOUGLAS, #132125,                    )
                                          )
                        Plaintiff,        )
                                          )        Case No. 1:15-cv-41
v.                                        )
                                          )        Honorable Robert J. Jonker
KEARA MUZZIN, et al.,                     )
                                          )
                        Defendants.       )
_____)

## **REPORT AND RECOMMENDATION**

This is a civil rights action brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983.   This lawsuit arises out conditions of plaintiff's confinement in 2012 at the Michigan Reformatory, and it stems from a dispute regarding a pair of orthopedic shoes that plaintiff says were prescribed to him as a medical accommodation.   The defendants are Lieutenant Keara Muzzin, Lieutenant Roger Martin, and Resident Unit Manager Kerry Gobert.   Plaintiff sues defendants in their official capacities for compensatory damages under the Americans with Disabilities Act and the Rehabilitation Act.   He also sues defendants Muzzin and Martin in their individual capacities for damages on plaintiff's claims that they violated his Eighth Amendment rights.[1]

The matter is before the Court on defendants' motion for summary judgment based on the affirmative defense of failure to exhaust administrative remedies, as

_____

[1]  All other claims have been dismissed.   (ECF No. 13, 14, 48, 49).

required by 42 U.S.C. § 1997e(a), and qualified immunity.   (ECF No. 73).   Plaintiff opposes defendants' motion.   (ECF No. 85).   For the reasons set forth herein, I recommend that the Court grant defendants' motion with respect to plaintiff's Eighth Amendment claims against defendants Muzzin and Martin, and that it deny the motion on all other claims.

## **Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.   FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016).   The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' "   *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).   The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion.   *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with

affidavits or other materials "negating" the opponent's claim.    *See Morris v. Oldham Cty. Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).    Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact.    *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).    To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings.    *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012).    The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial.    *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012).    "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' "    *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby Cty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).    "[W]here the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."    *Calderone v. United States*, 799 F.2d 254, 259

(6th Cir. 1986) (citation and quotation omitted).   In other words, the movant with the burden of proof " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' "   *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact."   *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies.   A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies.   42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).   A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process.   *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734.   "This requirement is a strong one.   To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the

-4-

prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly

exhausted" for purposes of filing a section 1983 action in federal court.    548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[2]    In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies.    *Id.* at 470.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure."    *Napier*, 636 F.3d at 224.    An argument that it would have been futile to file a grievance does not suffice.    Assertions of futility do not excuse plaintiff from the exhaustion requirement.    *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

---

[2]A copy of the policy directive is found in the record.    (*See* ECF No. 74-3, PageID.382-88).

## Qualified Immunity

Defendants argue that they are entitled to summary judgment on the basis of qualified immunity.   "Once [an] official[ ] raise[s] the qualified immunity defense, the plaintiff bears the burden to 'demonstrate that the official [is] not entitled to qualified immunity.' "   *LeFever v. Ferguson*, 645 F. App'x 438, 442 (6th Cir. 2016) (quoting *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006)).

"A government official sued under section 1983 is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct."   *Carroll v. Carman*, 135 S. Ct. 348, 350 (2014); *see Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015).   The first prong of qualified immunity analysis is whether the plaintiff has alleged facts showing that defendant's conduct violated a constitutional or statutory right.   *See Saucier v. Katz*, 533 U.S. 194, 201 (2001).   The second prong is whether the right was "clearly established" at the time of the defendant's alleged misconduct.   *Id.* Trial courts are permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first.   *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

A qualified immunity defense can be asserted at various stages of the litigation, including the summary judgment stage.   *See English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994).   The qualified immunity inquiry at the summary judgment stage is distinguished from the Rule 12(b)(6) stage in that generalized

notice pleading no longer suffices, and the broader summary judgment record provides the framework within which the actions of each individual defendant must be evaluated.   At the summary judgment stage, "the plaintiff must, at a minimum, offer sufficient evidence to create a 'genuine issue of fact,' that is, 'evidence on which a jury could reasonably find for the plaintiff.' "   *Thompson v. City of Lebanon, Tenn.*, 831 F.3d 366, 370 (6th Cir. 2016).

In *Brosseau v. Haugen*, the Supreme Court examined the underlying purpose of the requirement that the law be clearly established:

> Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, misapprehends the law governing the circumstances she confronted.  . . .   Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct.  If the law at the time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation.

543 U.S. 194, 198 (2004); *see also Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) ("The dispositive question is whether the violative nature of the particular conduct is clearly established.") (citation and quotation omitted); *City & County of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) ("An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in his shoes would have understood that he was violating it, meaning that existing precedent placed the statutory or constitutional question beyond debate.") (citations and quotations omitted).   "This demanding standard protects all but the plainly incompetent or those who knowingly

-8-

violate the law." *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (citation and quotation omitted).   Qualified immunity is an immunity from suit rather than a mere defense to liability.   *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2019 (2014).

The Supreme Court has repeatedly held that the second prong of the qualified immunity analysis " 'must be undertaken in light of the specific context of the case, not as a broad general proposition.' "   *Brosseau v. Haugen*, 543 U.S. at 198 (quoting *Saucier v. Katz*, 533 U.S. at 201); *see City of Escondido, Calif. v. Emmons*, No. 17-1660, __ S. Ct. __, 2019 WL 113027, at *2 (U.S. Jan. 7, 2019).   Moreover, courts are "not to define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced."   *Plumhoff v. Rickard*, 134 S. Ct. at 2023 (citations and quotations omitted); *see White v. Pauly*, 137 S. Ct. 548, 552 (2017).

"The burden of convincing a court that the law was clearly established 'rests squarely with the plaintiff.' "   *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999) (quoting *Cope v. Heltsley*, 128 F.3d 452, 459 (6th Cir. 1997)); *see Stevens-Rucker v. City of Columbus, Ohio*, 739 F. App'x 834, 839 (6th Cir. 2018) ("Plaintiff bears the burden of showing that defendants are not entitled to qualified immunity.").   The burden applies to each claim.   *See Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015).

## Preliminary Matters

Plaintiff's complaint is not properly verified, as he has interjected the limitations that the allegations are made on information and belief.   (*See* ECF No. 1, PageID.11).   "[S]tatements made on belief or on information and belief, cannot be utilized on a summary-judgment motion."   *Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015) (citation and quotation omitted).   Accordingly, plaintiff's complaint will not be considered as an affidavit in opposition to defendants' motion. *See Simmons v. Rogers*, No. 1:14-cv-1242, 2017 WL 1179376, at *1 (W.D. Mich. Mar. 30, 2017) (collecting cases).

## Factual Background

Plaintiff was an inmate in the custody of the Michigan Department of Corrections (MDOC) at the Michigan Reformatory (RMI) during the period at issue. (Plf. Aff. ¶ 2, ECF No. 85-1, PageID.502).

In April 2003, almost a decade before the events at issue in this lawsuit, a physician's assistant entered a special accommodation notice indicating that plaintiff needed a permanent accommodation for orthopedic shoes.   Plaintiff has a left foot deformity.   (*Id.* at ¶¶ 3-4, 8, PageID.502-03; ECF No. 85-3, PageID.512, 514).

On September 23, 2012, plaintiff had a visitor.   Plaintiff states that defendant Keara Muzzin did not allow him to wear his orthopedic shoes to the visit, despite showing her a copy of the 2003 accommodation form.   Plaintiff further alleges that defendant Muzzin gave him a choice to either wear the black state oxford shoes that

she provided or go without the visit.   Plaintiff elected to wear the state oxfords, but terminated the visit early due to foot pain and discomfort.   (Plf. Aff. ¶¶ 11-14, PageID.504-05).

Plaintiff asserts that he went from the visiting room to the control room, where he encountered Lieutenant Roger Martin, who informed plaintiff that his orthopedic shoes had been confiscated as contraband.   Plaintiff then took off the state oxford shoes and informed defendant Martin that they were uncomfortable.   Plaintiff alleges that defendant Martin took the state oxford shoes and ordered plaintiff to return to his cell in his bare feet.[3]  (Plf. Aff. ¶ 15, PageID.505).

Defendant Muzzin states that the shoes plaintiff attempted to wear to the visit were not "medical shoes," and that the MDOC medical accommodation database did not indicate that plaintiff had a valid shoe accommodation.   Plaintiff was allowed to attend the visit once he had the appropriate shoes required by policy.   She denies providing plaintiff with state oxford shoes, and she denies conditioning the visit on wearing such shoes.   (Muzzin Aff. ¶¶ 3-6, ECF No. 74-11, PageID.435-36).

On September 26, 2012, a special accommodation was entered in the MDOC's database allowing plaintiff to possess medically prescribed shoes.   (Muzzin Aff. ¶ 7, PageID.436).   Plaintiff's shoes were returned to him 45 days after they were

---

[3] Defendant Martin did not file an affidavit or declaration disputing plaintiff's version of events.   Plaintiff did not present any medical evidence that he suffered injuries as a result of wearing shoes provided by defendant Muzzin or complying with defendant Martin's order to return to his cell.

confiscated.[4]   (Plf. Aff. ¶ 16, PageID.505).

On September 27, 2012, RMI's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. RMI-12-09-1627-28C.   (ECF No. 74-2, PageID.374).   In this grievance, plaintiff complained that, on September 23, 2012, he had a visitor, that Sergeant Muzzin did not allow him to wear prescribed orthopedic shoes when plaintiff met with the visitor, and that Lieutenant Martin confiscated the prescribed shoes and ordered plaintiff to return to his cell in his bare feet.   (*Id.* at PageID.374, 378-79).

On September 27, 2012, plaintiff's grievance was rejected at Step I for raising multiple issues in one grievance.   (*Id.* at PageID.380).   On October 16, 2012, the warden denied plaintiff's appeal to Step II because the incident took place on September 23, 2012, and plaintiff's medical accommodation for his shoes did not go into effect until September 26, 2012.   The warden stated that plaintiff was "allowed to wear his medically necessary shoes into the visiting room as authorized by a qualified medical professional."   (*Id.* at PageID.373).   The Step II response was upheld at Step III.   (*Id.* at PageID.371).

---

[4] Defendants do not provide an explanation why a new authorization was entered on September 26, 2012.   They have not disputed plaintiff's statement that he was deprived of his shoes for 45 days.

## Discussion

### I.    Exhaustion

Defendants argue that they are entitled to summary judgment based on the affirmative defense because, "[a]lthough plaintiff appealed [Grievance No. RMI-12-09-1627-28C] through to Step III, his grievance was insufficient, as it was rejected and [p]laintiff's attempts to appeal were denied."    (Def. Brief, 7, EFC No. 74, PageID.356).

Plaintiff's grievance was rejected at Step I because it raised multiple issues, not because it raised multiple *unrelated* issues.    "MDOC policy prohibits only multiple unrelated issues from being raised in a single grievance.  P.D. 03.02.130 ¶ G(1).  . . .  Therefore, the Policy simply warns that inmates may have their grievance denied if they include multiple disputes, concerns, or problems that are not connected or associated."  *McDuff v. Addis*, No. 1:17-cv-912, 2018 WL 3239491, at *2-3 (W.D. Mich. July 3, 2018) (citation and quotation omitted).    Plaintiff's grievance raised related issues.    Thus, if the Step I rejection in this case had been enforced through a Step III decision, the grievance process would be "unavailable," and plaintiff's administrative remedies would be exhausted.    *Id*. at 3-5.    Plaintiff's claims are exhausted because the MDOC did not enforce the procedural bar in its Step III decision.    *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 326 (6th Cir. 2010).    I find that defendants are not entitled to summary judgment based on the affirmative defense provided by 42 U.S.C. § 1997e(a), and I recommend that this portion of

defendants' motion be denied.

## II.    Qualified Immunity

### A.  Official Capacity Claims

Defendants claim entitlement to qualified immunity on plaintiff's claims under the Americans with Disabilities Act and the Rehabilitation Act.    (Def. Brief, 15, ECF No. 74, PageID.364).    The Court previously considered and rejected this argument:

> "Qualified immunity is a personal defense that applies only to government officials in their individual capacities." *Benison v. Ross*, 765 F.3d 649, 665 (6th Cir. 2014).    Qualified immunity is "not available to government officials defending against a suit in their official capacities." *Id.*

(Op., 8, ECF No. 48, PageID.240).    The law is unchanged, and this portion of defendants' motion should be denied.

### B.  Individual Capacity Claims

Defendants Muzzin and Martin argue that they are entitled to summary judgment on plaintiff's Eighth Amendment claims for damages against them in their individual capacities "because there is insufficient evidence that their actions violated clearly established law."    (Def. Brief, 13, PageID.362).

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.    *Estelle*, 429 U.S. at 104-05.    In judging the sufficiency

-14-

of "deliberate indifference" claims, the Court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard: a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298. "The plaintiff must show both that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and that the official acted with a culpable enough state of mind, rising above gross negligence." *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). No reasonable trier of fact could find in plaintiff's favor on the subjective component of Eighth Amendment claims against defendants Muzzin and Martin.

The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. An official "cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety[.]" *Id.* at 837.

-15-

The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.  The prison official's state of mind must evince deliberateness tantamount to intent to punish.   Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference.    Thus, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted).

Plaintiff has not presented evidence sufficient to support the subjective component of an Eighth Amendment claim for deliberate indifference to serious medical needs.   Even plaintiff's version of the relevant facts fail to demonstrate deliberate indifference.

Plaintiff argues that defendants Muzzin and Martin are not entitled to qualified immunity because the Supreme Court's decision in *Estelle v. Gamble* clearly established the rights that he claims the defendants violated.   (Plf. Brief, 4-12, ECF No. 85, PageID.490-98).   The second prong of the qualified immunity analysis "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Brosseau*, 543 U.S. at 198.   The Supreme Court's decision in *Estelle v. Gamble* did not address any Eighth Amendment claim based on the temporary denial of prescribed shoes.   Plaintiff has not carried his burden of demonstrating that the law was clearly established in a "particularized sense" when defendants acted on

-16-

September 23, 2012.  *See City of Escondido,* 2019 WL 113027, at *2; *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015).

I find that defendants Muzzin and Martin are entitled to qualified immunity on plaintiff's Eighth Amendment claims for damages against them in their individual capacities.

### **Recommended Disposition**

For the reasons set forth herein, I recommend that the Court grant defendants' motion (ECF No. 73) in part and deny it in part.   I recommend that the Court grant the motion for summary judgment on plaintiff's Eighth Amendment claims against defendants Muzzin and Martin, and that it deny defendants' motion on all other claims.

Dated:   January 31, 2019            /s/   Phillip J. Green
                                     PHILLIP J. GREEN
                                     United States Magistrate Judge

### **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.   28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).   All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).   Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).   General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).