UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON DOUGLAS #132125,

       Plaintiff,                                    Hon. Robert J. Jonker

v.                                                  Case No. 1:15-CV-41

KEARA MUZZIN, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

       This matter is before the Court on plaintiff's Motion for Transfer. (ECF No. 105). Plaintiff, presently incarcerated in the Alger Correctional Facility, located in Munising, Michigan, requests that the Court order that he be transferred to a correctional facility located closer to Grand Rapids, Michigan, where his attorney works. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied.

       Injunctive relief is "an extraordinary remedy which should be granted only if . . . the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a

preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). Rather than prerequisites that must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997).

The Court discerns no basis to grant plaintiff's request. Plaintiff presents no evidence that his ability to prosecute his claims is impaired or prejudiced by the fact that his attorney works a significant distance from his location. *See, e.g., Welch v. Brown*, 551 Fed. Appx. 804, 812-13 (6th Cir., Jan. 3, 2014) (injunctive relief inappropriate unless alleged harm is "both certain and immediate, rather than speculative or theoretical"). In the absence of evidence that plaintiff will suffer irreparable injury, the public interest is ill served by judicial interference in the management of a state correctional institution. Finally, Plaintiff has no right to be housed in any particular correctional facility. *See, e.g., Williams v. Lindamood*, 2013 WL 1978464 at *4 (6th Cir., May 15, 2013). Accordingly, the undersigned recommends that Plaintiff's motion be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:   June 19, 2019

 /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge