UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON DOUGLAS,

    Plaintiff,

CASE No. 1:15-cv-41

v.

HON. ROBERT J. JONKER

KEARA MUZZIN, et al.,

    Defendants.

_____/

**ORDER REGARDING
REPORT AND RECOMMENDATION**

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 146), Plaintiff's Objection to it (ECF No. 148), and Defendants' Response. (ECF No. 150).  For the reasons set out below, the Court dismisses the Report and Recommendation and remands the matter to the Magistrate Judge for further proceedings.

Plaintiff, a state prisoner and survivor of polio, has a severe deformity surrounding his left foot.  He says he cannot wear the correctional facility's state-issued oxford shoes without experiencing pain, and he has a permanent accommodation to wear orthopedic shoes, including in the facility's visitation area.  He says the defendants in this case ignored this accommodation and denied him his orthopedic shoes beginning on September 22, 2012, when he was called out for a visit, and for several weeks thereafter.  These alleged acts form the remaining claims asserted under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA) for compensatory damages.

On March 26, 2020, defendants filed a motion for summary judgment that asserts several bases for the requested relief. (ECF No. 131). Defendants claim they are entitled to summary judgment, first of all, because Plaintiff did not have a medical accommodation for orthopedic shoes and so defendants were simply enforcing prison policies regarding unauthorized items. The motion further asserts that Plaintiff cannot prove he was denied prison services, programs, or activities—a necessary element of an ADA and RA claim. Defendants also contend that they are entitled to summary judgment on the ADA claim because Plaintiff cannot establish that Defendants violated his constitutional rights, and therefore the State is immune under the 11th Amendment with respect to Plaintiff's ADA claim for money damages. They finally argue the RA claim is subject to dismissal for the same reasons the Court previously found Plaintiff could not meet the subjective component of an Eighth Amendment claim.

In the Report and Recommendation, the Magistrate Judge finds the first rationale sufficient to grant summary judgment in Defendants favor—the absence of a medical authorization. The Magistrate Judge concluded that medical treatment notes immediately preceding and succeeding the event in question do not reflect any authorization for Plaintiff to wear special footwear. On that basis, the Magistrate Judge concluded defendants could not have violated Plaintiff's rights under the ADA or RA. (ECF No. 146, PageID.916, 918-920).

While the Court is not ruling one way or the other at the time, the Court finds the complete summary judgment record paints a close call on judgment as a matter of law on this ground. Treatment notes immediately before and after September 22, 2012 are certainly part of the picture that supports the defense view. But the record also contains other evidence that, at least on first blush, might suggest a reasonable fact finder could still infer that Plaintiff actually had a special accommodation at the time of the visit, regardless of whether particular treatment notes reflected

it, and that defendants were wrong to conclude otherwise.  Plaintiff swears he had an obvious and well-known foot deformity, and that throughout a lengthy period of incarceration he experienced no problems using his orthopedic shoes, until this one time.  One might expect that a correctional officer confronting an individual with a history of obvious and permanent foot deformity, and a long history of wearing special shoes would at least perform a follow up inquiry on the matter before looking at treatment notes alone.  At least a reasonable jury might conclude as much.

But as demonstrated above, Defendants contend they are entitled to summary judgment for other reasons as well, including 11th amendment immunity.  Before making a final call on the motion for summary judgment and on the Report and Recommendation in its current form, it would be useful to seek out the Magistrate Judge's recommendation with respect to the alternative bases, including immunity, offered by the Defendants in support of Summary Judgment.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 146) is **DISMISSED WITHOUT PREJUDICE** at this time.  The matter is **REMANDED** to the Magistrate Judge for a Report and Recommendation on the remaining grounds, including 11th Amendment immunity, asserted in the Defendants' Motion for Summary Judgment (ECF No. 131), as well as the ground addressed in the original Report and Recommendation.

Dated:     December 2, 2020               /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          CHIEF UNITED STATES DISTRICT JUDGE