UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON DOUGLAS,

    Plaintiff,

v.

KEARA MUZZIN, et al.,

    Defendants.

_____/

CASE No. 1:15-cv-41

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 152); Plaintiff's Objection to the Report and Recommendation (ECF No. 153); and Defendants' Responses (ECF Nos. 155). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's Objections. After its review, the Court finds that Magistrate Judge Green's Report and Recommendation, which recommends dismissing this action, is factually sound and legally correct.

In a detailed Report, the Magistrate Judge carefully and accurately set out the factual and procedural history of this case. Plaintiff, a state prisoner and survivor of polio, has a severe deformity surrounding his left foot. He says he cannot wear the correctional facility's state-issued oxford shoes without experiencing pain, and he has a permanent accommodation to wear orthopedic shoes, including in the facility's visitation area. He says the defendants in this case ignored this accommodation and denied him his orthopedic shoes beginning on September 22, 2012, when he was called out for a visit, and for several weeks thereafter. These alleged acts form the remaining claims asserted under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA) for compensatory damages.

On March 26, 2020, defendants filed a motion for summary judgment that raises several bases for the requested relief. (ECF No. 131). Defendants claim they are entitled to summary judgment, first of all, because Plaintiff did not have a medical accommodation for orthopedic shoes and so defendants were simply enforcing prison policies regarding unauthorized items. The motion further asserts that Plaintiff cannot prove he was denied prison services, programs, or activities—a necessary element of an ADA and RA claim. Defendants also contend that they are entitled to summary judgment on the ADA claim because Plaintiff cannot establish that Defendants violated his constitutional rights, and therefore the State is immune under the 11th Amendment with respect to Plaintiff's ADA claim for money damages. They finally argue the RA claim is subject to dismissal for the same reasons the Court previously found Plaintiff could not meet the subjective component of an Eighth Amendment claim.

In an initial Report and Recommendation dated July 7, 2020, the Magistrate Judge found the first rationale sufficient to grant summary judgment in Defendant's favor—the absence of a medical authorization. The Magistrate Judge concluded that medical treatment notes immediately preceding and succeeding the event in question do not reflect any authorization for Plaintiff to wear special footwear. On that basis, the Magistrate Judge concluded defendants could not have violated Plaintiff's rights under the ADA or RA. On December 2, 2020, this Court dismissed the Report and Recommendation without prejudice. The Court did not rule, one way or the other, on the Magistrate's recommended disposition; rather, the Court found that it would be appropriate and useful to receive the Magistrate Judge's recommendations on the other bases raised by the defense in its motion. (ECF No. 148). The Court thus remanded the matter to the Magistrate Judge. On March 29, 2021, the Magistrate Judge rendered a report addressing all arguments in the defense motion and concluding that the defense motion ought to be granted. (ECF No. 152). Both sides have filed briefs addressing the matter, and the Court appreciates the efforts of the Magistrate Judge and both sides in a clear and concise framing of the issues for decision.

After performing an independent, de novo review of all matters of record, the Court is satisfied the Magistrate Judge's recommended disposition is correct. The Magistrate's thorough report carefully and accurately considers the parties arguments. The Magistrate Judge correctly noted that Plaintiff apparently had something labeled as a "permanent" accommodation in April 15, 2003 but that despite the "permanent" label, the accommodation was refreshed on at least two occasions between September 2010 and September 2011. But more significantly for present purposes is that the medical record as of September 19, 2012—less than a week before the events of this lawsuit—indicate that Plaintiff no longer had an accommodation for orthopedic or athletic

footwear. Similarly, a treatment note dated only three days after the events indicate that Plaintiff did not have an accommodation for orthopedic or athletic footwear.

At bottom, the Magistrate Judge concludes that one cannot infer that Defendants Muzzin and Martin deprived Plaintiff of shoes or anything else because of his disability since the contemporaneous treatment records show that on the days they acted, Plaintiff did not have an accommodation of record. The Court agrees that the existing record fails to create a triable issue. Perhaps the notes were a mistake, but that does not permit the Court to tag liability on the two defendant officers. Plaintiff's principal argument—that he showed the officers a paper copy of his "permanent" accommodation from 2003, does not change matters. It was certainly not deliberately indifferent for the officers to rely on what the system currently showed in 2012—right or wrong—over a nine-year-old document. Furthermore, as the Magistrate Judge notes, the 2003 "permanent" accommodation does not reference use of the accommodation for visits, which are subject to their own separate policy. So even that 2003 document alone did not facially permit Plaintiff to wear his shoes inside the visitation area.

Finally, the Court agrees with the Magistrate Judge that Plaintiff's claim against Defendant Gobert cannot proceed any further. As the Magistrate Judge correctly reasoned, even if Defendant Gobert was required to conduct an administrative hearing regarding the confiscated orthopedics, and even if one was not conducted in a timely manner, Plaintiff has failed to present any evidence creating a triable issue on whether Defendant Gobert's delay in holding or, failure to hold, a hearing was "because of" or "solely by reason" of his disability. The statutory predicate for liability requires this.

## CONCLUSION

For these reasons, the Court finds after a de novo review that the Defendants are entitled to summary judgment and that this matter should be terminated.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 152) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 131) is **GRANTED.**

The Court discerns no good-faith basis for appeal of this matter. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

This case is **DISMISSED.**

Dated:  July 8, 2021  /s/ Robert J. Jonker
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE